UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES C. SILCOX, | ) |
| Petitioner, | ) |
| vs. | ) No. 2:16-cv-00301-WTL-MJD |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of James C. Silcox for a writ of habeas corpus challenges a prison disciplinary proceeding, ISF 16-05-0120, in which he was found guilty of possession or solicitation of unauthorized personal information. For the reasons explained in this entry, Mr. Silcox's habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On May 2, 2016, Sergeant Gilley issued a Report of Conduct charging Mr. Silcox with possession or solicitation of unauthorized personal information in violation of Code B-247. The Report of Conduct states:

> On Monday May 2, 2016 I Sgt. Gilley was monitoring offender Silcox, James DOC #873829 J-Pay account. On multiple dates he was receiving and was writing to a Michelle Raby on J-Pay that was a Corizon staff member and some letters were received and written after she got fired. Her name has been confirmed through the Internal Affairs Department as Michele Guiles, former Corizon staff member. There are several letters attached to this CAB that supports all evidence that he was in correspondence with this staff member through J-Pay while she was employed through Corizon and after she got fired.

Dkt. 10-1.

Mr. Silcox was notified of the charge on May 9, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Silcox requested statements from offender Brandon Rabe and Sergeant Gilley and requested the JPay letters as evidence. Dkt. 10-2. Offender Rabe submitted a statement that provides: "I had him write a letter to my sister and I mailed it out to my house & her name is Michelle Rabe you can check my jpay her name is on there." Dkt. 10-3. Sergeant Gilley also submitted a statement, providing: "CAB stands as written. I did have him come to my office in I.A. and discuss the CAB. He did state he was writing letters to his friend[']s sister, and that was all he was doing." Dkt. 10-4.

The Hearing Officer conducted a disciplinary hearing on May 11, 2016. Dkt. 10-7. The Hearing Officer noted Mr. Silcox's statement: "I didn't contact her. She got on my JPay list. At first I thought it was Rabe['s] sister. I never sent her a Request. She just was added on my JPay. I'm guilty of 361 or 473." *Id*. The Hearing Officer relied upon the staff reports, the statement of

the offender, evidence from witnesses, and the JPay letters in determining that Mr. Silcox had violated Code B-247. The sanctions imposed included a written reprimand, a 30-day JPay restriction, the deprivation of 60 days of earned credit time, and the demotion from credit class I to credit class II (suspended). *Id.* The Hearing Officer imposed the sanctions because of the seriousness, frequency, and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior *Id*.

Mr. Silcox's appeals were denied. This habeas action followed.

### III.  Analysis

Mr. Silcox argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) he never had Ms. Guiles' personal information; 2) Ms. Guiles contacted him first; and 3) she got on his JPay under a fake name, Michelle Raby. These shall all be treated as challenges to the sufficiency of the evidence.

Code B-247 prohibits the unauthorized possession or solicitation of personal information and provides:

> Possessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order or as approved in writing by the Facility Head. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I_OFFENSES_6-1-2015(1).pdf.

Mr. Silcox argues that he did not have Ms. Guiles' personal files, medical or mental health records, social security number, home address, financial information, or telephone number and therefore he could not have violated Code B-247. He also asserts that at first he thought she

was a woman he knew in the past, Michelle Raby, and that Ms. Guiles contacted him first and used a fake name. Mr. Silcox, however, did communicate with a former employee of Corizon (the medical provider for state prisons), Ms. Guiles, before and after she was terminated from employment. This means he possessed her personal contact information through JPay. The definition of "unauthorized personal information" lists the types of information that Mr. Silcox challenges, but it also states that the definition is "not limited to" those specific examples. Mr. Silcox's statements during the hearing reveal that he knew that the woman was not offender Rabe's sister. The content of the communications was very personal and indicated that he and Ms. Guiles had had physical contact with each other. By using another person's JPay account and not using Ms. Guiles' real last name they attempted to avoid detection. Code B-247 permits an inmate to seek permission from the Facility Head to communicate with a current or former staff person, but Mr. Silcox does not allege he made any such request.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the

disciplinary board." *Hill*, 472 U.S. at 455-56. The Report of Conduct, the attached JPay letters, and Mr. Silcox's own statements provide sufficient evidence to support the guilty finding in this case.

Mr. Silcox was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Silcox's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Silcox's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/12/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

JAMES SILCOX, 873829
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only